UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**ROSA ZAYAS** and **EDWIN ZAYAS**,
as Parents and Natural Guardians of **R.Z.**, and
**ROSA ZAYAS** and **EDWIN ZAYAS,**
Individually,

               Plaintiffs,

                                                                 22-cv-07112

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor        **COMPLAINT**
of the New York City Department of Education, and
**NEW YORK CITY DEPARTMENT OF**
**EDUCATION**
               Defendants.
------------------------------------------------------------------------X

Plaintiffs ROSA ZAYAS and EDWIN ZAYAS, as Parents and Natural Guardians of R.Z.,[1] and ROSA ZAYAS and EDWIN ZAYAS, Individually, as and for their Complaint against the Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION ("collectively DOE"), allege the following:

**PRELIMINARY STATEMENT**

1. The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" (FAPE) to all children with physical and/or intellectual disabilities. See 20 U.S.C. §1400(3)(A)(i) (listing covered disabilities).

---

[1] Although the full name of the Parent is used in the Complaint herein, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) (and 34 C.F.R. Part 99), Plaintiffs use the initials of the Student to protect the Student's privacy

2. As defined in the Act, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to permit a child to benefit from the instruction. 20 U.S.C. §1401 (26) and (29).

3. An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

4. Under the IDEA, an Individualized Education Program ("IEP") serves as the primary vehicle for providing a child with the promised FAPE.

5. In the instant matter, State Review Officer ("SRO") Justyn P. Bates issued SRO Decision No. 22-025 relative to IHO Case No. 219068 on April 20, 2022.

6. Plaintiffs seek *de novo* review of Decision No. 22-025 issued by State Review Officer ("SRO") Justyn P. Bates on April 20, 2022.

7. Plaintiffs seek an Order reversing the SRO's finding that the record does not support the IHO's determination that the district failed to offer R.Z. a FAPE for the 2021-2022 school year.

8. In a Findings of Fact and Decision ("FOFD") dated February 9, 2022 (IHO Case No. 219068), IHO Diane Ciccone found that DOE failed to provide a FAPE to R.Z. for the 2021-2022 school year, that the equities favored the Parents' request for funding of the unilateral placement from July 2021 to June 2022, and that the Parents were entitled to transportation costs to and from the school for the 2021/2022 school year.

9. IHO Ciccone additionally found that the appropriate disability classification for R.Z. was traumatic brain disorder, and his IEP should reflect that classification.

10. Defendants appealed the IHO's decision to the New York State Education Department Office of State Review.

11. SRO Bates erroneously held that the hearing record does not support the determination that the district failed to offer R.Z. a FAPE for the 2021-2022 school year and reversed the portion of IHO Ciccone's FOFD which ordered funding of the unilateral placement at iBRAIN including related services and transportation costs for the 2021-2022 school year, as well as the portion which found that R.Z.'s IEP should reflect a disability classification of TBI.

12. Plaintiffs are aggrieved parties due to the SRO's adverse findings and rulings in SRO Decision No. 22-025 that denied Plaintiffs direct funding for R.Z.'s education and related services, including special transportation, at iBRAIN during the 2021-2022 extended school year.

13. Plaintiffs ROSA ZAYAS and EDWIN ZAYAS are the Parents of a disabled child, R.Z., who was denied access to a FAPE during the 2021-2022 school year by Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE").

14. Plaintiffs seek funding in the form of direct payment to R.Z.'s private school for their appropriate unilateral placement thereat.

15. This Complaint is filed under IDEA, *supra,* New York State's implementing laws and regulations, 8 N.Y.C.R.R. § 200 *et seq.,* and Article 89 of the New York Education Law, N.Y. EDUC. LAW § 4401 (McKinney) *et seq.,* and applicable case law and public policy.

## JURISDICTION AND VENUE

16. The instant case arises under a federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.,* and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

17. Jurisdiction of the United States District Court for the Southern District of New York is invoked under 20 U.S.C. §1415(i)(2), providing for jurisdiction and a right of action in this Court for a party "aggrieved by the findings and decision" of an impartial due process hearing.

18. Jurisdiction is also conferred by 28 U.S.C. §1331, providing for jurisdiction of all civil actions arising under the laws of the United States.

19. Jurisdiction is also proper under 42 U.S.C. §1983 as Defendants acted under color of law.

20. To the extent, if any, that this case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

21. This Court may order declaratory and injunctive relief under 28 U.S.C. §2201 and 2202.

22. The Court also has pendent jurisdiction to adjudicate any state claims, which may arise out of the same facts as the federal claims asserted herein under 28 U.S.C. §1367.

23. The venue is proper in the United States District Court of the Southern District of New York, as authorized by 29 U.S.C. §1391.

24. If successful, the Plaintiffs herein seek an award of reasonable attorneys' fees as part of the costs that may be awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. §1415(i)(3)(B)(I) and 34 C.F.R. §300.517(a)(l)(i).

## THE PARTIES

25. Plaintiff R.Z. was 17 years old during the 2021-2022 extended school year.

26. Plaintiff R.Z. is a minor.

27. R.Z. is a child with a disability, as defined by 20 U.S.C. §1401(3).

28. R.Z. is entitled to receive a FAPE and related services from Defendant DOE.

29. Plaintiffs ROSA ZAYAS and EDWIN ZAYAS are the Parents and Natural Guardians

of R.Z.

30. Plaintiffs resided in the City of New York at all relevant times herein.

31. R.Z. is not expressly named within this Complaint because of privacy provisions in the IDEA and the Family Education Rights Privacy Act ("FERPA"). 20 U.S.C. §1232.

32. Defendant New York City Department of Education is and was at all material times, a corporate body created under Article 52 of the New York State Education Law, CLS Educ. Law §2550 *et seq.* that manages and controls the educational affairs of the New York City Public Schools.

33. Defendant New York City Department of Education is the local educational authority ("LEA") defined by 20 U.S.C. §1401 and 34 C.F.R. §300.28, responsible for providing R.Z. with a FAPE.

34. New York State and DOE have established policies and procedures, both written and informal, concerning the IDEA's implementation.

35. DOE receives federal funding under the IDEA. 20 U.S.C. §1412.

36. Because DOE receives funding under the IDEA, it must comply with the statute's provisions. 20 U.S.C. §1412.

37. Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

38. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, NY 11201.

39. Plaintiffs reside in Defendants' school district.

40. DOE is responsible for providing a FAPE to all students with disabilities, including R.Z., who reside in Defendants' school district under statutory rights arising under IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by

5

New York State, to the extent such regulations are not inconsistent with the IDEA.

## FACTUAL ALLEGATIONS

41. Plaintiffs bring this action under the IDEA to recover the costs of R.Z.'s placement at the International Institute for the Brain ("iBRAIN") for the 2021-2022 extended school year.

42. The IDEA was enacted to assure that students with disabilities, such as R.Z., have meaningful access to public education.

43. Participating states receive federal funds in exchange for their commitment to provide a FAPE to all disabled children in the State and comply with IDEA's substantive and procedural mandates.

44. State governments waive sovereign immunity under the Eleventh Amendment in return for receiving federal funds.

45. New York State has chosen to participate in the IDEA framework and has established procedures for providing special education services to children with disabilities, as outlined in N.Y. Educ. Law§ 4401 *et seq*.

46. Upon information and belief, the New York City Department of Education receives money under IDEA Part B based on the "child-count" method, which allows the LEA to claim a specific amount of money per student with a qualifying disability.

47. Upon information and belief, DOE has received IDEA Part B funds earmarked for R.Z.'s education relative to the 2021-2022 extended school year.

48. DOE has not funded R.Z.'s education at iBRAIN for the 2021-2022 extended school year– specifically, for the period from July 2021 through the end of the 2022 extended school year(s).

49. The IDEA explicitly requires DOE to fund R.Z.'s education.

50. The primary mechanism for ensuring implementation of the IDEA's mandate of a FAPE is the IEP, as defined by 20 U.S.C. § 1401 (14), §1414(d).

51. An IEP is a written statement prepared by the LEA for every child with a disability, which sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, or on behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

52. R.Z. suffers from an acquired brain injury and has diagnoses of cerebral palsy, hydrocephalus, dystonia, and seizure disorder.

53. R.Z. is nonverbal and non-ambulatory and is dependent on support for all activities of daily living ("ADLs").

54. R.Z.'s brain injury has resulted in severe global impairments and delays that adversely affect R.Z.'s cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem-solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing, and speech.

55. R.Z. can communicate through the use of assistive technology.

56. R.Z. presents with highly intensive management needs requiring a high degree of individualized attention and intervention throughout the school day.

57. R.Z. requires special education and related services to accommodate his disabilities so that he can receive a FAPE.

58. iBRAIN is a New York City-based private school dedicated to serving children who have suffered injuries to their brains.

59. During the 2021-2022 school year, R.Z. was enrolled at iBRAIN from July 2021 through June 2022.

60. R.Z. attended iBRAIN during the 2021-2022 extended school year.

61. iBRAIN employs specialized teachers, nurses, and therapists to provide extended school day and extended school year care and education to children with brain injuries.

62. During the 2021-2022 extended school years, R.Z. attended iBRAIN and received individualized instruction for his academic and related services.

63. During the 2021-2022 extended school year, R.Z. was placed in a 6:1:1 class with a 1:1 paraprofessional, 1:1 nurse, and received related services for an extended school day.

*2020-2021 School Year*

64. On March 10, 2021, the DOE convened a Committee on Special Education ("CSE") to develop an IEP for R.Z. for the 2021-2022 school year ("March 2021 IEP").

65. DOE's March 2021 IEP recommendations included a disability classification of Traumatic Brain Injury ("TBI"), a class ratio of 6:1:1, and related services in 60-minute sessions.

66. The March 2021 CSE failed to recommend music therapy and proposed to provide the educational program at a District 75 public school.

67. A placement letter was sent to Plaintiff for R.Z.'s placement in a 6:1:1 class size at P.S. M079, the Horan School ("Horan"), a D75 school.

68. The Plaintiffs disagreed with the DOE's proposed educational placement for R.Z. as recommended in the IEP formulated on March 10, 2021.

69. By Ten Day Notice ("TDN") dated June 23, 2021, Parents notified DOE that they disagreed with the March 2021 IEP and proposed placement at a District 75 public school and that they intended to enroll R.Z. at iBRAIN for the 2021-2022 extended school year.

70. R.Z. re-enrolled at iBRAIN in July 2021 for the 2021-2022 extended school year.

71. At iBRAIN, R.Z. received an Individualized Education Program for the 2021-2022 school year ("iBRAIN IEP") and was recommended for the following: a 6:1:1 special education class (with direct instruction); 1:1 Physical Therapy ("PT") five times per week in 60-minute sessions; 1:1 Occupational Therapy ("OT") four times per week in 60-minute sessions; 1:1 Speech-Language Therapy ("SLT") five times per week in 60-minute sessions; 1:1 Vision Education Services ("VES") three times per week in 60-minute sessions; Assistive Technology ("AT") services one time per week in 60-minute sessions; Music Therapy ("MT") two times per week in 60-minute sessions; and, Parent counseling and training one time per month in 60-minute sessions.

72. R.Z.'s iBRAIN IEP also recommended a 1:1 nurse, 1:1 paraprofessional, and the use of an AT device and services throughout the day.

73. At iBRAIN, R.Z. additionally received transportation services, consisting of travel to and from school, a 1:1 travel nurse, limited travel time, air conditioning, a wheelchair (regular size), and a wheelchair-accessible vehicle.

74. The costs for iBRAIN for the 2021-2022 extended school year included the cost of an individual health paraprofessional and academic programming; it did not include the cost of transportation, related services, and/or assistive technology devices.

75. The tuition at iBRAIN for the 2021-2022 extended school year was reasonable relative to R.Z.'s services.

76. An IEE neuropsychological evaluation was conducted in May and June of 2021 which recommended that R.Z. remain in the 6:1:1 class at iBRAIN, as the D75 school classroom cannot provide the degree of individualized attention that R.Z. requires.

77. On August 19, 2021, the CSE reconvened to develop an IEP for R.Z. for the 2021-2022 school year, with an implementation date of September 2, 2021 ("August 2021 IEP").

78. The CSE failed to contact anyone at iBRAIN to give notice of the IEP meeting, and only sent one email to the Plaintiffs, which went to Plaintiffs' "junk" and/or "spam" email box.

79. At the August 2021 IEP meeting, the CSE removed AT services from R.Z.'s IEP and changed R.Z.'s disability classification back to Multiple Disabilities ("MD") with no clinical justification for the change.

80. The CSE team for the August 2021 IEP had an assistive technology report dated June 2021 that was not available at the March 2019 IEP meeting, but other than that they relied on the reports from the March 2019 IEP meeting.

81. The CSE team for the August 2021 IEP meeting did not review the IEE neuropsychological report dated June 2021.

## *Underlying Proceedings*

82. On July 6, 2021, Plaintiffs filed a Due Process Complaint ("DPC') with DOE, thereby initiating an administrative Due Process Proceeding to secure funding for iBRAIN tuition for the 2021-2022 extended school year and other relief under the IDEA. 20 U.S.C. § 1415(f) and N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

83. In the July 6, 2021, DPC, Plaintiffs alleged, *inter alia*, that March 2021 IEP and placement recommendation at P.S. M079, the Horan School, denied R.Z. a FAPE for the 2021-2022 school year; that iBRAIN was an appropriate unilateral placement for R.Z.; and, that equities favored a full award for R.Z.'s placement at iBRAIN, including tuition, related services, and

special transportation. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, §200.5(i).[2] The DPC was assigned Impartial Hearing Officer ("IHO") Case No. 210846.

84. Plaintiffs were unaware of the August 2019 IEP meeting until it was disclosed by DOE counsel in IHO Case No. 210846.

85. After being made aware of the August 2019 IEP meeting, Parents subsequently withdrew IHO Case No. 210846, and filed a new DPC.

86. On October 7, 2021, Plaintiffs filed a DPC with DOE, thereby initiating a new administrative Due Process Proceeding to secure funding for iBRAIN tuition for the 2021-2022 extended school year and other relief under the IDEA. 20 U.S.C. §1415(f) and N.Y. Comp. Codes R. & Regs. tit. 8, §200.5(i).

87. In the October 7, 2021, DPC, Plaintiffs alleged, *inter alia*, that DOE's March 2021 IEP and August 2021 IEP, and placement recommendation at P.S. M079, the Horan School, denied R.Z. a FAPE for the 2021-2022 school year; that iBRAIN was an appropriate unilateral placement for R.Z.; and, that equities favored a full award for R.Z.'s placement at iBRAIN, including tuition, related services, and transportation services. 20 U.S.C. §1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, §200.5(i).

88. In the October 7, 2021, DPC, Parents requested, *inter alia*, an order directing DOE to fund R.Z.'s full tuition cost at iBRAIN for the 2021-2022 extended school year plus the cost of related services, nurse services, a 1:1 paraprofessional, transportation services, and assistive technology services and devices.

---

[2] A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a student if the services offered by the board of education were inadequate or inappropriate ("Prong I"); the services selected by the parents were appropriate ("Prong II"); and equitable considerations support the parents' claim. ("Prong III"); *See Florence Cty. Sch. Dist. Four v. Carter By & Through Carter,* 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.,* 471 U.S. 359, 369–70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985).

89. The DPC was assigned Impartial Hearing Officer ("IHO") Case No. 219068.

90. On October 12, 2021, IHO Diane Ciccone was appointed to conduct the hearing in IHO Case No. 219068.

91. On February 9, 2022, IHO Ciccone issued a Findings of Fact and Decision ("FOFD") for IHO Case No. 219068, which found that: DOE failed to provide a FAPE for R.Z. for the 2021-2022 school year; the equities favored the Parents' request for funding of the unilateral placement at iBRAIN from July 2021 to June 2022; the Parents are entitled to transportation cost to and from school for the 2021-2022 school year; and, the appropriate classification for R.Z. is traumatic brain disorder and the his IEP should reflect that classification. A copy of IHO Ciccone's Decision in IHO Case No. 219068 is attached hereto as **Exhibit 1**.

92. IHO Ciccone ordered DOE to fund the full cost of R.Z.'s tuition, related services, and transportation services at iBRAIN with no reductions.

93. By Request for Review ("RFR") on or about March 21, 2022, DOE appealed IHO Ciccone's FOFD to the New York State Education Department's Office of State Review.

94. On April 20, 2022, State Review Officer ("SRO") Justyn P. Bates issued SRO Decision No. 22-025 relative to Defendants' appeal. A copy of SRO Bates's Decision 22-025 is attached hereto as **Exhibit 2**.

95. SRO Bates incorrectly reversed IHO Ciccone's finding that DOE failed to offer R.Z. a FAPE for the 2021-2022 school year.

96. SRO Bates declined to address the issues of whether iBRAIN was an appropriate unilateral placement or whether the equities favored the Plaintiffs.

97. SRO Bates erred by finding that the record did not support IHO Ciccone's determination that DOE failed to provide R.Z. with a FAPE for the 2021-2022 school year.

98. SRO Bates erred in failing to find that iBRAIN was an appropriate unilateral placement for R.Z.

99. SRO Bates erred in failing to find that the equities favored an award of full funding to the Parents.

100. SRO Bates erred by failing to order full funding to iBRAIN for R.Z.'s cost of tuition, related services, and special transportation services for the 2021-2022 school year.

101. SRO Bates erred in holding that the DOE's proposed IEP and school placement were appropriate to implement R.Z.'s March 2021 IEP.

102. SRO Bates erred in holding that the DOE's August 2021 CSE process and IEP development did not amount to a denial of a FAPE for R.Z.'s 2021-2022 school year.

103. The instant federal action is an appeal of SRO Decision No. 22-025.

104. SRO Decision No. 22-025 is contrary to the evidence and the law.

105. As a result, R.Z. has been denied a FAPE by DOE and due process by the SRO.

106. SRO Bates's decision in Appeal No. 22-205 is defective because it relies on an erroneous application of the IDEA, relevant case law, New York State Education Law, and erroneous findings.

107. Such a finding has a disparate impact upon disabled students entitled to funding under the IDEA, as it favors those who can afford private school tuition in the first instance and wait for reimbursement.

108. Under the SRO's erroneous holding DOE evades its responsibilities under the IDEA and New York State Constitution to provide R.Z. a FAPE and receives a windfall of IDEA Part B funds—those funds earmarked for R.Z.

109. Since DOE denied R.Z. a FAPE for the 2021-2022 extended school year, and that R.Z.'s unilateral placement at iBRAIN for the 2021-2022 extended school year was appropriate, and R.Z. attended iBRAIN during the 2021-2022 extended school year, there was simply no basis for SRO Bates to conclude that full tuition funding by DOE was unavailable.

## AS AND FOR A FIRST CAUSE OF ACTION
### *SRO Decision 22-025 Should Be Reversed*

110. Plaintiffs repeat, reiterate, and reaffirm each allegation set forth above as if more fully set forth herein.

111. SRO Bates failed to discharge his duties properly as required by the IDEA, 20 U.S.C. § 1401 *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and the Regulations of the Commissioner of Education, Part 200.

112. SRO Decision No. 22-025 concerning the 2021-2022 extended school year for R.Z. should be reversed for several reasons including, but not limited to the following:

    a. SRO Bates erroneously denied Plaintiffs an award of full funding to R.Z.'s private school for the 2021-2022 extended school year, specifically for funding the period between July 2021 and June 2022.

    b. SRO Bates erroneously found that DOE provided R.Z. with a FAPE for the 2021-2022 extended school year.

    c. SRO Bates erroneously failed to find that iBRAIN was an appropriate unilateral placement and that the equities favored the Plaintiffs.

113. Based on the foregoing, Plaintiffs' rights, and those of their disabled child, R.Z., were violated under the IDEA, 20 U.S.C. § 1401, *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner, Part 200.

114. Defendants' actions have caused the Plaintiffs' damages.

115. Plaintiff is entitled to all appropriate relief under IDEA, including the specific remedy of direct funding to R.Z.'s private educational provider, iBRAIN, with ancillary and necessary fees, including attorneys' fees.

116. Plaintiffs are entitled to direct funding for tuition and related services under the IDEA for R.Z.'s placement at iBRAIN during the 2021-2022 extended school year.

117. Plaintiffs are entitled to direct funding for tuition and related services under the IDEA for R.Z.'s placement at iBRAIN during the 2021-2022 extended school year, for the reasons set forth above, including but not limited to the following: 1) Defendants failed to offer or provide R.Z. with a FAPE for the 2021-2022 school year; 2) iBRAIN was an appropriate unilateral placement for R.Z. during the 2021-2022 school year because, *inter alia*, R.Z.'s educational program at iBRAIN was tailored to meet R.Z.'s individual needs, and R.Z. made progress at iBRAIN during the 2021-2022 extended school year; and 3) Equities favored full funding for Plaintiffs and R.Z. because DOE failed to provide R.Z. with a FAPE through no fault of the Plaintiffs, and the cost of iBRAIN during the 2021-2022 extended school year was reasonable relative to the services that R.Z. received.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully request that the Court:

(a) Conduct an independent review of the administrative record;

(b) Issue an Order reversing the SRO Appeal No. 22-025 (dated April 20, 2022) to the extent that the SRO found that the DOE provided R.Z. with a FAPE for the 2021-2022 extended school year;

(c) Issue an Order declaring that iBRAIN was an appropriate unilateral placement for R.Z. during the 2021-2022 extended school year;

(d) Issue an Order declaring that the equities favor the Plaintiffs' request for full funding to R.Z.'s private school placement (iBRAIN) for the cost of R.Z.'s tuition, related services, and special transportation services for the 2021-2022 extended school year;

15

(e) Order Defendants to directly fund any cost remaining for R.Z.'s private school tuition and related services for the 2021-2022 extended school year, including R.Z.'s transportation;

(f) Declare Plaintiffs to be prevailing parties for the purposes of IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i), shall Plaintiffs prevail on this instant action;

(g) Direct Defendants to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining this instant action, shall Plaintiffs prevail on this instant action;

(h) In the alternative, the Plaintiffs request to be heard and present additional evidence in accordance with 20 U.S.C. 1415 (i)(2)(C); and

(i) Grant such other, further, and different relief as this Court may seem just, proper, and equitable.

Dated: August 20, 2022
New York, NY

                                              Respectfully submitted,
                                              Brain Injury Rights Group, Ltd
                                              *Attorneys for Plaintiffs*

By: _____
                                              Ashleigh C. Rousseau, Esq. (5801923)
                                              300 East 95th Street, Suite 130
                                              New York, N.Y. 10128
                                              (646) 850-5035
                                              ashleigh@pabilaw.org